UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHN LARRY DANIELS, | ) |
| Plaintiff, | ) Civil No. 5:15-CV-156-JMH |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| JOHNNY BATES, CORR. SGT., et al., | ) **AND ORDER** |
| Defendants. | ) |

**** **** **** ****

John L. Daniels is in custody of the Kentucky Department of Corrections ("KDOC") and is presently confined in the Northpoint Training Center ("NTC") in Burgin, Kentucky. Proceeding *pro se*, Daniels filed a complaint, pursuant to 42 U.S.C. § 1983, alleging constitutional violations in respect to a disciplinary charge and conviction he received while he was confined at Blackburn Correctional Complex ("BCC") located in Lexington, Kentucky. Daniels named as defendants Johnny Bates, Sargent, BCC, in his individual capacity; Duncan Kendall, individually and in his official capacity as Chairman of the Adjustment Committee, BCC; and Steve Haney, individually and in his official capacity as Warden, BCC. [R. 1]. Daniels sought compensatory and punitive damages.

1

Because Daniels had been granted leave to proceed *in forma pauperis* and because he asserted claims against government officials, the Court was required to conduct a preliminary review of Daniels' complaint prior to the issuance of summons to any defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons stated in the Memorandum Opinion and Order of October 28, 2015, the Court concluded that Plaintiff's § 1983 claims for monetary damages against Defendants, Steve Haney, Warden, and Duncan Kendall, Chairman, Adjustment Committee, in their official capacity are barred by the Eleventh Amendment and that Plaintiff had failed to establish a viable constitutional claim under § 1983 against the named defendants in their individual capacities for monetary damages. For these reasons, this action was dismissed and Judgment was entered in favor of all Defendants. [D.E. ##18, 19].

This matter is currently before the Court on Plaintiff's motion, filed pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment and dismissal of his § 1983 complaint. Within the body of his Rule 59(e) motion, Daniels also moves to amend his complaint. [D.E. #20]. For the reasons stated below, Daniels' Rule 59(e) motion will be denied, as well as his motion to amend incorporated therewith. To explain the rationale for

the Court's decision, the Court first reviews briefly the factual background giving rise to this action.

## FACTUAL BACKGROUND

On April 1, 2015, Daniels requested to be placed in Protective Custody. In support of that request, he completed an Occurrence Report, which states:

> Previously during my Grievance Aid Job, I became in conflict with Reedy, who stated that I threatened him. Since then he's been stareing [sic] at me every day, which, he might snitch or do something to harm me. Also, a few other grievance inmates are mad at me for other grievances filed that might pose a conflict. Also, I owe a few inmates, and there's a few who simply don't like me.
>
> Reedy is N Grievance Aid, and the inmates I owe are Biggens, Big Dog, Bobby. Also, other one's think I'm gay.

[D.E. #1-5, pp. 9-10].

The foregoing Occurrence Report, combined with a conversation Daniels had with BCC Sargent Johnny Bates, led Bates to conclude that Daniels, formerly a grievance aide at BCC, was indebted to other inmates in his prison dorm regarding grievances he had filed on their behalf or had not filed on their behalf, depending on whether Daniels thought a grievance was meritorious. Based on this conclusion reached by Bates, he issued a disciplinary report against Daniels for being indebted to other inmates. [R. 1-5, p. 5]. Following the investigation

3

of this disciplinary report, Daniels was charged with "5-04-Loan sharking, collecting or incurring debts," a major offense. *Id.* Daniels pled not guilty to the offense, requested to be heard by a Hearing Officer, waived the 24-hour notice, and waived an Adjustment Committee hearing. *Id.*

Inmate Legal Aide Paul York was assigned to assist Daniels. He and Daniels appeared before a Hearing Officer, Duncan J. Kendall, Chairman, Adjustment Committee, on this offense; the hearing was held on April 1, 2015, at 1:23:00 p.m. [R. 1-5, pp. 7-8]. Hearing Officer Duncan Kendall considered the investigation report of Sgt. Bates, and at the hearing, Sgt. Bates confirmed the report as true and accurate during the investigation. [R. 1-5, p. 7]. At the conclusion of the hearing, Adjustment Committee Chairman Kendall found Daniels guilty of the charged offense, loan sharking, collecting or incurring debts. He explained the basis for his findings, as follows:

> Inmate Daniels had inmate York as his legal aide, and the reading of the write up into the record was waived. Inmate Daniels confirmed on the record that he waived his 24 hour notice. Inmate York had no due process to raise.
>
> In the report from Sgt. Bates, he stated that inmate Daniels admitted to him in conversation that he owed debt to several other inmates in his dorm. Sgt. Bates confirmed the report as true and accurate during the investigation.

4

> In the investigation, inmate Daniels stated that he wrote the statement which is attached to the report, and stated that he takes his report back and denied incurring debt.
>
> During the hearing, Inmate Daniels stated that he wrote the statement, but stated that it was [taken] out of context, and denied owing money to other inmates, and stated that other inmates felt that he owed them because he would not file their grievances on non-grievable incidents. Inmate Daniels stated that the report misrepresents what he was trying to say.
>
> Due to the report from Sgt. Bates that he confirmed as true and accurate during the investigation, and the submitted written occurrence report from Inmate Daniels admitting that he is in debt to several inmates, I do find inmate guilty of the category 5-04.

[R. 1-5, p. 7].

Daniels was sanctioned with the loss of 90 days Good Time Credit on his sentence. [R. 1-5, p. 8]. Daniels appealed this disciplinary conviction to BCC Warden, Steve Haney. On May 8, 2015, Warden Haney voided the incident and dismissed the conviction "[b]ased on my review." *Id.* Thus, during the administrative review of this matter, Daniels was made whole by the dismissal of this disciplinary conviction and the restoration of the forfeited 90 days of Good Time credit.

### RULE 59(e) motion

A Rule 59(e) motion is not to be used to rehash the merits of the case or to restate the arguments already presented. See

*Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).  Accordingly, "[A] court may [only] alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest justice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

After comparing Daniels' complaint and memorandum filed in support thereof with his Rule 59(e) motion, it is clear that Daniels' Rule 59(e) motion is simply a rehash of his previous arguments.  His Rule 59(e) motion refers to mostly the same case law which he relied on his complaint and the attachments thereto.  He provides the Court with no recently decided authority that supports his claims.  He simply disagrees with Court's decision and contends that the Court erred as a matter of law in dismissing his complaint.

Additionally, Daniels now wants to amend his complaint to assert a claim that the defendants retaliated against him, in violation of his First Amendment rights, by placing him in segregation and by transferring him to another institution.  He

6

contends that this action taken by the defendants, done in close proximity to the Occurrence Report, was done to deter him, a person of ordinary firmness, "from engaging in further Protected Conduct as A Grievance Aid, . . . ." [D.E. #20, p. 4].[1] He also wants to add a "deliberate indifference" claim against BCC Warden Steve Haney, contending that what happened to him was the result of Haney's failure to train prison personnel. To support that claim, Daniels relies on *Canton v. City of Harris*, 489 U.S. 378 (1989).

Further, he wants to add claims against Adjustment Committee Chairman Duncan Kendall and Sgt. Johnny Bates, contending that they are not absolutely immune, but only enjoy qualified immunity, citing to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Daniels argues that the circumstances of his case should defeat their qualified immunity and that he should be permitted to proceed with his claims against them.

Regardless of the merits, if any, to Daniels' newfound claims that he proposes to assert against these defendants, Daniels' present complaint has already been dismissed. Daniels

---

[1] This argument is specious. Daniels worked as Grievance Aide at BCC for three months (November and December of 2014 and January of 2015). He states in the complaint that he had resigned as a Grievance Aide; thus, he was in no position on April 1, 2015, to be engaging in "further Protected Conduct as a Grievance Aid."

is simply trying to amend a complaint in a closed case. Daniels is free to file a new complaint against these same defendants and assert the same claims he proposes to add to this case. However, his present motion to amend is too late.

Accordingly, for all of the reasons stated above, **IT IS ORDERED** that:

1. Plaintiff John Larry Daniels' motion to alter or amend the judgment, filed pursuant to Fed. R. Civ. P. 59(e) [D. E. #20] is **DENIED**.

2. Plaintiff's motion to amend the complaint for the purpose of adding additional claims against the Defendants [D. E. #20] is **DENIED** because the complaint has been dismissed, and this case was closed on October 28, 2015.

This the 25th day of November, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge